MICHAEL EINBINDER (ME-3930)
LINDEN E. THOMAS (LT-9974)
EINBINDER & DUNN, LLP
*Counsel for defendant*
104 WEST 40th STREET
NEW YORK, NEW YORK 10018
(212) 391-9500
(212) 391-9025-facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DB STRUCTURED PRODUCTS, INC. | Case No.: 07 CIV 4124 (DLC) |
| Plaintiff, | **ANSWER WITH AFFIRMATIVE DEFENSES** |
| -against- | |
| CAMERON FINANCIAL GROUP, INC., | |
| Defendant. | |

Defendant, CAMERON FINANCIAL GROUP, INC. (hereinafter "Defendant"), by and through its attorneys, Einbinder & Dunn, LLP, responds to the claims alleged in the Complaint of plaintiff, DB Structured Products, Inc., as follows.

## JURISDICTION AND VENUE

1. Defendant admits the allegations of the allegations contained in paragraph 1 of the complaint.

2. Defendant admits that venue is proper and avers that the venue is proper based on the parties' prior agreement.

## THE PARTIES

3. Defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Defendant admits the allegations of the allegations contained in paragraph 4 of the complaint.

## FACTUAL ALLEGATIONS

5. Defendant admits the allegations of the allegations contained in paragraph 5 of the complaint.

6. Defendant admits the allegations of the allegations contained in paragraph 6 of the complaint.

7. Defendant admits that it entered into the SLPA as that term is used in the complaint and respectfully refers the court to that agreement for its legal import and meaning.

8. Defendant admits that it entered into the MLPA as that term is used in the complaint and respectfully refers the court to that agreement for its legal import and meaning.

9. Defendant admits that it entered into the letter agreements dated June 14, 2006, August 2, 2006, November 9, 2006 and December 21, 2006 (hereinafter "2006 Letter Agreements"), defendant also denies having sufficient knowledge or information to form a belief as to the truth of the allegation that it entered into the July 7, 2005 letter agreement.

10. Defendant admits that it entered into the 2006 Letter Agreements, denies having sufficient knowledge or information to form a belief as to the truth of the allegation that it entered into the July 7, 2005 letter agreement, and respectfully refers the court to the documents referred to in paragraph 10 of the complaint for their legal import and meaning.

11. Defendant admits that it entered into the MLPA, SLPA, and 2006 Letter Agreements, denies having sufficient knowledge or information to form a belief as to the truth of the allegation that it entered into the July 7, 2005 letter agreement, and respectfully refers the court to the documents referred to in paragraph 11 of the complaint for their legal import and meaning.

12. Defendant admits that it entered into the MLPA, SLPA, and 2006 Letter Agreements, denies having sufficient knowledge or information to form a belief as to the truth of the allegation that it entered into the July 7, 2005 letter agreement, and respectfully refers the court to the documents referred to in paragraph 12 of the complaint for their legal import and meaning.

13. Defendant admits that it entered into the MLPA, SLPA, and 2006 Letter Agreements, denies having sufficient knowledge or information to form a belief as to the truth of the allegation that it entered into the July 7, 2005 letter agreement, and respectfully refers the court to the documents referred to in paragraph 13 of the complaint for their legal import and meaning.

14. Defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Defendant denies each and every allegation contained in paragraph 15 of the complaint.

16. Defendant admits the allegations of the allegations contained in paragraph 16 of the complaint.

17. Defendant admits that prior to May 3, 2007, DBSP contended in one or more emails and/or other communications that certain loans were in early payment default

status. Defendant denies that any of those communications triggered any obligation on its part to repurchase the Early Payment Default Loans referred to in paragraph 17 of the complaint and defendant respectfully refers the court to the documents referred to in paragraph 17 of the complaint for their legal import and meaning.

18. Defendant admits that it did not repurchase the Early Payment Default Loans referred to in paragraph 18 of the complaint or otherwise compensate DBSP, and defendant avers that it was not required to do so.

19. Defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. Defendant denies each and every allegation contained in paragraph 20 of the complaint.

21. Defendant denies that it was required to repurchase the Early Payment Default Loans referred to in paragraph 21 of the complaint. Defendant also denies that any harm that DBSP may have suffered was not solely monetary and denies that DBSP cannot be adequately compensated for any harm that it allegedly has suffered by monetary damages. Defendant also denies having sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the complaint as to the impact of any of its actions on DBSP.

22. Defendant admits that it entered into the MLPA and SLPA, and respectfully refers the court to the documents referred to in paragraph 22 of the complaint for their legal import and meaning.

23. Defendant admits that it entered into the SLPA and that the SLPA refers to the Seller Guide, as that term is used in the complaint, and defendant respectfully refers the

4

court to the documents referred to in paragraph 23 of the complaint for their legal import and meaning.

24. Defendant denies each and every allegation contained in paragraph 24 of the complaint.

25. Defendant admits that it entered into the MLPA, SLPA, and 2006 Letter Agreements, denies having sufficient knowledge or information to form a belief as to the truth of the allegation that it entered into the July 7, 2005 letter agreement, and respectfully refers the court to the documents referred to in paragraph 25 of the complaint for their legal import and meaning.

26. Defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

27. Defendant denies each and every allegation contained in paragraph 27 of the complaint.

## FIRST CLAIM FOR RELIEF
### (Breach of contract-Agreements)

28. Defendant repeats each and every response to the allegations set forth in paragraphs 1-27 of the complaint as if those responses were fully set forth at length herein.

29. Defendant admits that it entered into the MLPA, SLPA, and 2006 Letter Agreements, denies having sufficient knowledge or information to form a belief as to the truth of the allegation that it entered into the July 7, 2005 letter agreement, and respectfully refers the court to the documents referred to in paragraph 29 of the complaint for their legal import and meaning.

30. Defendant admits the allegations of the allegations contained in paragraph 30 of the complaint.

31. Defendant admits that it did not repurchase the Early Payment Default Loans referred to in paragraph 31 of the complaint and defendant avers that it was not required to do so.

32. Defendant denies each and every allegation contained in paragraph 32 of the complaint.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

33. Defendant repeats each and every response to the allegations set forth in paragraphs 1-32 of the complaint as if those responses were fully set forth at length herein.

34. Defendant admits the allegations of the allegations contained in paragraph 34 of the complaint.

35. Defendant denies each and every allegation contained in paragraph 35 of the complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of the complaint.

## THIRD CLAIM FOR RELIEF
### (Indemnification for Legal Fees and Related Costs)

37. Defendant repeats each and every response to the allegations set forth in paragraphs 1-36 of the complaint as if those responses were fully set forth at length herein.

38. Defendant admits that it entered into the MLPA and the SLPA, and that the SLPA refers to the Seller Guide and defendant respectfully refers the court to the documents referred to in paragraph 38 of the complaint for their legal import and meaning.

39. Defendant denies each and every allegation contained in paragraph 39 of the complaint.

40. Defendant denies each and every allegation contained in paragraph 40 of the complaint.

### FOURTH CLAIM FOR RELIEF
(Specific Performance)

41. Defendant repeats each and every response to the allegations set forth in paragraphs 1-40 of the complaint as if those responses were fully set forth at length herein.

42. Defendant admits that the MLPA, SLPA, and 2006 Letter Agreements are valid, enforceable contracts, denies having sufficient knowledge or information to form a belief as to whether the July 7, 2005 letter agreement is a valid and enforceable contract, and denies that the Seller Guide is a valid enforceable contract.

43. Defendant admits that it entered into the MLPA, SLPA, and 2006 Letter Agreements, denies having sufficient knowledge or information to form a belief as to whether it entered into the July 7, 2005 letter agreement, denies that the Seller Guide is a valid enforceable contract and respectfully refers the court to the documents referred to in paragraph 43 of the complaint for their legal import and meaning.

44. Defendant denies each and every allegation contained in paragraph 44 of the complaint.

45. Defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46. Defendant denies having sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47. Defendant denies each and every allegation contained in paragraph 47 of the complaint.

48. Defendant admits that DBSP has demanded the repurchase of Early Payment Default Loans, but denies each and every remaining allegation contained in paragraph 48 of the complaint.

49. Defendant denies each and every allegation contained in paragraph 47 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. DBSP has failed to properly liquidate the loans which are the subject of this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. DBSP has failed to properly mitigate its damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. Upon information and belief, DBSP sold, repackaged or securitized some or all of the loans which are the subject of this action.

52. Thus, at the time the demand for repurchase and/or indemnification was made with respect to the loans that were sold, repackaged or securitized, DBSP did not own the same.

53. Accordingly, DBSP has no standing and is not a real party in interest with respect to the subject loans.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. DBSP has failed to provide the notices required by the parties' agreements.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. DBSP has failed to meet required conditions precedent.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. Several of the subject loans were not Early Payment Default Loans.

Dated: New York, New York
       July 25, 2007

EINBINDER & DUNN, LLP

By: /s/Michael Einbinder
    Michael Einbinder (ME-3930)
    *Attorneys for Defendant*
    Cameron Financial Group, Inc
    104 West 40th Street
    New York, New York 10018
    Telephone: (212) 391-9500
    Facsimile: (212) 391-9025